IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IL VENTURES, LLC – A KETTLEBELL KING SERIES and CHAD PRICE, PRICE DIGITAL CONSULTANTS, LLC, JAY PERKINS and NEHEMIAH HEARD, Individuals, | § § § § § § | |
| Plaintiffs, | § | |
| v. | § § | Case No. 1:23-cv-00749-ML |
| FACTORY 14 UK ACQUISITION VI, LTD., FACTORY 14 UK ACQUISITION VII, LTD. And RAZOR GROUP GMBH, | § § § § § | |
| Defendants. | § | |

_____

CONSULTANT PLAINTIFFS CHAD PRICE, DIGITAL PRICE CONSULTANTS, LLC,
AND JAY PERKINS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON BREACH
OF CONSULTING AGREEMENT AND BRIEF IN SUPPORT
_____

CHAD PRICE ("Price"), PRICE DIGITAL CONSULTANTS, LLC ("Digital"), and JAY PERKINS ("Perkins") (collectively, "Consultant Plaintiffs") file this, their Motion for Partial Summary Judgment and Brief in Support (the "Motion"), and respectfully show the Court as follows:

### I. SUMMARY

1.  Consultant Plaintiffs seek summary judgment for the following breaches of contract: (a) Defendants' FACTORY 14 UK ACQUISITION VI, LTD., FACTORY 14 UK ACQUISITION

VII, LTD. (collectively, the "Factory 14 Entities") and RAZOR GROUP GMBH's ("Razor")[1] failure to pay the February, 2023, consulting fees due under the Consulting Agreements; and (b) Defendant Razor's failure to reimburse Consultant Plaintiff Price's Berlin travel expenses as agreed. No genuine issues of material fact exist making summary judgment proper.

## II. PROCEDURAL BACKGROUND

2.  Consultant Plaintiffs filed their Amended Complaint [ECF No. 21] on January 19, 2024 (the "Complaint").

3.  The Complaint alleged, among other things, that Consultant Plaintiffs are entitled to recover for breach of contract claims against Defendants.[2]

4.  Defendants filed their respective Answers to the Complaint [ECF No.'s 47 and 48] on August 21, 2024 (the "Answers").

5.  The discovery period closes on June 2, 2025.[3]

6.  The deadline to file dispositive motions, is on or before June 30, 2025, and therefore this Motion and Brief are timely filed.[4]

7.  This case is set for trial on October 16, 2025.[5]

---

[1] The Factory 14 Entities and Razor shall be referred to collectively herein as "Defendants."

[2] *See generally*, the Complaint.

[3] First Amended Scheduling Order [Doc. 53] para. 6.

[4] First Amended Scheduling Order [Doc. 53], para. 8.

[5] First Amended Scheduling Order [Doc. 53], para. 11.

## II. **LEGAL STANDARD**

8.      Under Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment is proper if the movant shows that no genuine dispute as to any material fact exists and that the movant is entitled to judgment as a matter of law.[6]  A factual issue is material if its resolution could affect the outcome of the case.[7]  The district court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party.[8] Unsubstantiated assertions, improbable inferences, and unsupported speculation are insufficient to defeat a motion for summary judgment.[9]  If after the nonmovant has been given an opportunity to raise a genuine factual issue, the record taken as a whole could not lead a rational trier of fact to find for the non-movant, then there is no genuine issue for trial.[10]

9.      To the extent the movant seeks summary judgment on claims for which the nonmovant will have the burden of proof at trial, the movant's burden at summary judgment is to identify the absence of evidence as to any essential element of the nonmovant's claim.[11]  Upon so doing, the nonmovant must go beyond their pleadings and designate specific facts demonstrating

---

[6] Fed. R. Civ. P. 56(a).

[7] *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F. 3d 233, 235 (5th Cir. 2003).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[9] *Brown v. City of Houston*, 337 F. 3d 539, 54` (5th Cir. 2003).

[10] *DIRECTV, Inc. v. Minor*, 420 F. 3d 546, 549 (5th Cir. 2005).

[11] *Lopez v. Reliable Clean-Up & Support Servs., LLC*, No. 3:16-cv-2595-D, 2018 WL 3609271, at *6 (N.D. Tex. July 28, 2018).

that there is a genuine issue.[12] The failure to produce proof as to any essential element of the claim renders all other facts immaterial.[13] The grant of summary judgment becomes mandatory where the nonmovant fails to meet this burden.[14]

10. Uncontested facts in a complaint and admitted factual assertions in an answer are no longer at issue as they constitute judicial admissions.[15] In *Davis*, the Fifth Circuit states that regardless of contradictory post-pleading allegations, parties are conclusively bound by admissions contained in their pleadings.[16]

## IV. SUMMARY JUDGMENT EVIDENCE

11. Consultant Plaintiffs' Motion is supported by the pleadings on file with the Court at the time of the hearing, and the following documents filed simultaneously herewith in the Appendix in Support of Consultant Plaintiffs' Motion for Summary Judgment (the "Appendix"), incorporated by reference as if fully set forth herein, which are true and correct copies of the following:

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *State Farm Fire & Cas. Co. v. Flowers*, 854 F.3d 842 (5th Cir. 2017) (citing *McCreary v. Richardson*, 738 F.3d 651, n.5 (5t Cir. 2012), as revised (Oct. 9, 2012) ("This circuit has long held that factual statements in pleadings constitute binding judicial admissions."); *Davis v. A.G. Edwards & Sons, Inc.*, 823 F. 2d 105, 108 (5th Cir. 1987).

[16] *Davis*, 823 F.2d at 107-108.

| Exhibit | Description | APPX NO. |
|---|---|---|
| 1 | Asset Purchase Agreement[17] | APPX 001-145 |
| 2 | Consulting Agreement of Jay Perkins (the "Perkins Consulting Agreement")[18] | APPX 146-155 |
| 3 | Consulting Agreement of Chad Price and Digital Presence Consulting, LLC (the "Digital Consulting Agreement")[19] | APPX 156-165 |
| 4 | Novation as to Digital Consulting Agreement (the "Novation Agreement")[20] | APPX 166-180 |
| 5 | Letter Terminating Consulting Agreement[21] (the "CA Termination Letter") | APPX 181-182 |
| 6 | Affidavit of Jay Perkins and Exhibits 6-1 through 6-4 attached thereto (the "Perkins Affidavit")[22] | APPX 183-201 |

---

[17] Defendants judicially admitted that Exhibit C of the Complaint is a true and correct copy of the Asset Purchase Agreement. *See* ECF 47 at ¶¶ 24-25; *see* ECF 48 at ¶¶ 24-25; *see also* **Exhibit 10**, the Factory 14 Entities' Discovery Responses at Interrogatory No. 5; *see also* **Exhibit 11**, Razor's Discovery Responses at Interrogatory No. 5.

[18] Defendants judicially admitted that Exhibit D of the Complaint is a true and correct copy of the Perkins Consulting Agreement. *See* ECF 47 at ¶ 25; *see* ECF 48 at ¶ 25; *see also* **Exhibit 10**, the Factory 14 Entities' Discovery Responses at Interrogatory No. 5; *see also* **Exhibit 11**, Razor's Discovery Responses at Interrogatory No. 5.

[19] Defendants judicially admitted that Exhibit E of the Complaint is a true and correct copy of the Price Consulting Agreement. *See* ECF 47 at ¶ 25; *see* ECF 48 at ¶ 25; *see also* **Exhibit 10**, the Factory 14 Entities' Discovery Responses at Interrogatory No. 5; *see also* **Exhibit 11**, Razor's Discovery Responses at Interrogatory No. 5.

[20] Defendants judicially admitted that Exhibit F of the Complaint is a true and correct copy of the Novation Consulting Agreement. *See* ECF 47 at ¶ 24; *see* ECF 48 at ¶ 24. Defendants failed to deny the allegation in ¶ 24, footnote 2 of the Complaint; *see also* **Exhibit 10**, the Factory 14 Entities' Discovery Responses at Interrogatory No. 5; *see also* **Exhibit 11**, Razor's Discovery Responses at Interrogatory No. 5.

[21] Defendants judicially admitted that Exhibit K is a true and correct copy of the Consulting Agreement Termination Letter. *See* ECF 47 at para. 73; *see* ECF 48 at para. 73; *see also* **Exhibit 10**, the Factory 14 Entities' Discovery Responses at Interrogatory No. 5; *see also* **Exhibit 11**, Razor's Discovery Responses at Interrogatory No. 5.

[22] Any citation to a paragraph of this Affidavit also includes the Exhibits referenced in such paragraph.

| 7 | Affidavit of Chadwick T. Price and Exhibits 7-1 through 7-10 attached thereto (the "Price Affidavit")[23] | APPX 202-234 |
|---|---|---|
| 8 | Excerpts from the Deposition of Chadwick T. Price (the "Price Depo.") | APPX 235-236 |
| 9 | Excerpts from the Deposition Oliver Navarro (the "Navarro Depo.") and Exhibits 9-1 through 9-3 attached thereto | APPX 237-282 |
| 10 | Defendants Factory 14 UK Acquisitions VI, Factory 14 UK Acquisitions VII, Factory 14 UK Acquisitions S.A.R.L.'s Objections and Responses to Plaintiff Chad Price's First Set of Discovery Requests served on April 8, 2024 ("Factory 14 Entities' Discovery Responses") | APPX 283-310 |
| 11 | Defendant Razor Group GmbH's Objections and Responses to Plaintiff Chad Price's First Set of Discovery Requests served on April 8, 2024 (the "Razor Discovery Responses") | APPX 311-338 |

12.     Consultant Plaintiffs hereby place all parties hereto on notice of their intent to use the evidence described in paragraph 11 above, as summary judgment proof, some or all of which may not currently be on file with the court. Such notice specifically includes but is not limited to ECF 47 and ECF 48.

### III. UNDISPUTED AND CONCLUSIVELY ESTABLISHED FACTS

**A.     The Outstanding Consulting Fee Payments.**

13.     As part of the Asset Purchase Agreement (the "APA"), Consultant Plaintiffs entered into "Ancillary Agreements" including Consulting Agreements.[24]

14.     Consultant Plaintiff Perkins entered into a Consulting Agreement with the Factory

---

[23] Any citation to a paragraph of this Affidavit also includes the Exhibits referenced in such paragraph.

[24] *See* **Exhibit 1, APPX 003**, the APA at §1.02 (defining "Ancillary Agreements" to include the Consulting Agreements);

Entities, on November 1, 2021 (the "Perkins Consulting Agreement").[25]

15. Consultant Plaintiff Price entered into a Consulting Agreement with the Factory 14 Entities, on November 1, 2021 (the "Price Consulting Agreement").[26]

16. The Price Consulting Agreement was transferred by the Novation Agreement to a Consulting Plaintiff Digital, wholly owned by Consulting Plaintiff Price to Price's entity, Consulting Plaintiff Digital.[27]

17. The Perkins Consulting Agreement and Price Consulting Agreement (collectively, the "Consulting Agreements") provided for monthly payments of a consulting fee (the "Consulting Fee").[28]

18. During the initial three-year term of the Perkins Consulting Agreement, Consultant Plaintiff Perkins was to be paid a Consulting Fee of $8,333.34 per month.[29]

19. During the initial three-year term of the Price Consulting Agreement, Consultant Plaintiff Digital was to be paid $8,333.34 per month under the Price Consulting Agreement.[30]

20. Consultant Plaintiffs were not paid each month as agreed under the Consulting

---

[25] *See generally,* **Exhibit 2, APPX 146-155**, the Perkins Consulting Agreement; *see* ECF 47 at ¶24-25; *see* ECF 48 at ¶24-25; *see* **Exhibit 6**, **APPX 184**, Perkins Affidavit at ¶2.

[26] *See generally,* **Exhibit 3, APPX 156-165**, the Price Consulting Agreement; *see* ECF 47 at ¶24-25; *see* ECF 48 at ¶24-25; *see* **Exhibit 7, APPX 202,** Price Affidavit at ¶3.

[27] *See generally,* **Exhibit 4, APPX 166-180**, the Novation Agreement; *see* ECF 21 at fn.2; *see* ECF 47 at ¶24-25; *see* ECF 48 at ¶24-25; *see* **Exhibit 7**, **APPX 204,** Price Affidavit at ¶3; *see* fn. 22, *supra*.

[28] *See* **Exhibit 2, APPX 155**, the Perkins Consulting Agreement at A(C); *see* **Exhibit 3, APPX 165**, the Price Consulting Agreement at A(C); *see* ECF 27 at ¶30; *see* ECF 48 at ¶30.

[29] *See* **Exhibit 2, APPX 155**, the Perkins Consulting Agreement at Exhibit A(C).

[30] *See* **Exhibit 3, APPX 204**, the Price Consulting Agreement at Exhibit A(C).

Agreements.[31]

21.     A notice of termination becomes effective after ten days' written notice.[32]

22.     A notice sent via email before 5:00p.m. on a business day is effective the following business day.[33]

23.     Due to the failure to be paid for services, among additional reasons, Consultant Plaintiffs sent the CA Termination Letter on February 17, 2023.[34]

24.     The CA Termination Letter was sent via email before 5:00pm, and via certified and regular mail on February 17, 2023.[35]

25.     Under the terms of the Consulting Agreements, as implicated by the APA's notice provision, the CA Termination Letter became effective on February 28, 2023.[36]

26.     The Consulting Agreements required that in the event the Agreement is terminated, the Company was to pay the Consultants all fees earned pursuant to Section 2.1 up to and including the day this Agreement terminated (prorated for partial months during the termination), within

---

[31] *See* **Exhibit 6, APPX 184-187**, the Perkins Affidavit at ¶¶3-8; *see* **Exhibit 7, APPX 203-209**, the Price Affidavit at ¶¶3-13; *see* **Exhibit 9, APPX 386**, the Navarro Depo. at 22:13-24.

[32] *See* **Exhibit 3, APPX 151**, the Perkins Consulting Agreement at §5.03; *see* **Exhibit 3, APPX 161**, the Price Consulting Agreement at §5.03.

[33] *See* **Exhibit 1, APPX 0035**, the APA §8.03.

[34] *See* **Exhibit 6, APPX 185-186**, the Perkins Affidavit at ¶¶5-6; *see* **Exhibit 7, APPX 208-209**, the Price Affidavit at ¶¶10-11; *see* **Exhibit 5, APPX 181-182**, CA Termination Letter; *see* ECF 47 at ¶73; *see* ECF 48 at ¶73.

[35] *See* **Exhibit 5, APPX 181-182**, CA Termination Letter; *see* **Exhibit 6, APPX 185-186**, the Perkins Affidavit at ¶6; *see* **Exhibit 7, APPX 208-209**, the Price Affidavit at ¶11.

[36] *See* **Exhibit 2, APPX 151**, the Perkins Consulting Agreements at § 5.3; *see* **Exhibit 3, APPX 161**, the Price Consulting Agreements at § 5.3.

fifteen (15) days of the termination.[37]

27.   Consultant Plaintiffs provided invoices for the month of February, 2023.[38]

28.   Defendants admit that an amount remains outstanding under the Consulting Agreements.[39]

29.   Consultant Plaintiffs last received a payment for consulting services provided under the Consulting Agreements for the month of January, 2023.[40]

30.   Consultant Plaintiffs are due and owing the Consulting Fees for February, 2023.[41]

31.   Defendant Razor does not know why there were delays in paying the invoices due under the Consulting Agreements.[42]

32.   Consultant Plaintiff Perkins is due and owing $8,333.34 in Consulting Fees for February, 2023.[43]

33.   Consultant Plaintiff Digital is due and owing $8,333.34 in Consulting Fees for

---

[37] *See* **Exhibit 2, APPX 151**, the Perkins Consulting Agreement at § 5.5;  *see* **Exhibit 3, APPX 161**, the Price Consulting Agreements at § 5.5

[38] *See* **Exhibit 6, APPX 186-187**, the Perkins Affidavit at ¶7; *see* **Exhibit 7, APPX 209**, the Price Affidavit at ¶12.

[39] *See* **Exhibit 9, APPX 241**, the Navarro Depo at 22:13-24.

[40] *See* **Exhibit 5, APPX 181-182**, CA Termination Letter; **Exhibit 6, APPX 185-186**, the Perkins Affidavit at ¶¶5-6; *see* **Exhibit 7, APPX 209**, the Price Affidavit at ¶¶12-13.

[41] *See* **Exhibit 8, APPX 236**, the Price Depo at 205:6-8; *see* **Exhibit 6, APPX 186-187**, the Perkins Affidavit at ¶¶7-8 and **Exhibit 6-4**; *see* **Exhibit 7, APPX 209**, the Price Affidavit at ¶¶12-13 and **Exhibit 7-10.**

[42] *See* **Exhibit 9, APPX 241**, the Navarro Depo. at 24:1-3.

[43] *See* **Exhibit 6, APPX 186-187**, the Perkins Affidavit at ¶¶7-8 and **Exhibit 6-4**.

February, 2023.[44]

34. 

35.

36. Consultant Plaintiffs have had to engage legal counsel to enforce and protect their rights regarding the Consulting Fee payments due under the Consulting Agreements.[47]

37. Consultant Plaintiffs have incurred attorney's fees, expenses and costs related to enforcing protecting their rights.[48]

**B.    Outstanding Fees Due to Consultant Digital for Berlin.**

38. Defendant Razor agreed to reimburse Consultant Plaintiffs for fees and expenses related to a business trip to Berlin, Germany in 2022 (the "Berlin Business Trip").[49]

---

[44] *See* **Exhibit 8, APPX 236**, the Price Depo at 205:6-8; *see* **Exhibit 7, APPX 209**, the Price Affidavit at ¶¶12-13.



[47] *See* **Exhibit 5, APPX 181-182**, CA Termination Letter; **Exhibit 6, APPX 186-187**, the Perkins Affidavit at ¶¶6-8; *see* **Exhibit 7, APPX 208-209**, the Price Affidavit at ¶¶11-13.

[48] *See* **Exhibit 5, APPX 181-182**, CA Termination Letter; **Exhibit 6, APPX 186-187**, the Perkins Affidavit at ¶¶6-8; *see* **Exhibit 7, APPX 208-209**, the Price Affidavit at ¶¶11-13.

[49] *See* **Exhibit 9, APPX 239**, the Navarro Depo. at 10:12-12:14; *see* **Exhibit 7, APPX 206-207**, the Price Affidavit at ¶¶7-8 and Exhibit 7-9.

39. Consultant Plaintiff Digital, by and through its representative Consultant Plaintiff Price, incurred expenses related to the Berlin Business Trip in the amount of $3,200.49 (the Berlin Expenses").[50]

40. Consultant Plaintiff Digital provided invoices, receipts and demanded reimbursement of its Berlin Expenses.[51]

41. To date, the Berlin Expenses have not been reimbursed to Consultant Plaintiff Digital.[52]

42. Defendant Razor agreed to reimburse Consultant Plaintiff Digital for its Berlin Expenses.[53]

43. Defendants had and have the funds to pay these Consulting Fees and Berlin Expenses.[54]

**C.  Conditions Precedent.**

44. All conditions precedent have been met.[55]

---

[50] *See* **Exhibit 7, APPX 206-207**, the Price Affidavit at ¶¶7-8 and at **Exhibit 7-6** through **7-9 (APPX 211-233)**.

[51] *See* **Exhibit 7, APPX 206-207**, the Price Affidavit at ¶¶7-8 and at **Exhibit 7-6** through **7-9 (APPX 211-233)**; *see* **Exhibit 9, APPX 383**, the Navarro Depo at 10:12-12:24.

[52] *See* **Exhibit 9, APPX 239-240**, the Navarro Depo at 10:12-12:24, 13:21-14:2, and 14:10-13; *see* **Exhibit 7, APPX 206-207**, the Price Affidavit at ¶¶7-8 and at **Exhibit 7-6** through **7-9 (APPX 211-233)**.

[53] *See* **Exhibit 9, APPX 239**, the Navarro Depo at 10:12-12:24.

[54] *See* **Exhibit 9, APPX 239**, the Navarro Depo at 10:12-12:24.

[55] Plaintiff pleaded that all conditions precedent have been met and no specific denials of such conditions precedent have been made. *Compare* the Complaint at para 90 *with* the Original Answers filed by Defendants at para. 90, that fails to specifically identify any specific condition precedent that was not met. Therefore, the applicable presumption is in effect. *EEOC v. Service Terms, Inc.*, Civil Action No. 3:08-CV-1552-D (N.D. Tex. Apr. 22, 2010) ("When a party fails to specify in its operative pleadings (typically an answer to a complaint) the particular condition

## IV. ARGUMENT

A. **Defendants Breached their Agreements with Consulting Plaintiffs.**

45.     To prevail on a breach of contract claim via summary judgment, Consultant Plaintiffs need only establish as a matter of law: (1) the existence of a valid contract; (2) its performance, tendered performance or excused performance; (3) that Consultant Plaintiffs breached the contract; and (4) damages were incurred by Consultant Plaintiffs as a result of Defendants breaches.[56]

### 1. *The Consulting Agreements and Agreement to Reimburse the Berlin Expenses are Valid Contracts.*[57]

46.     There is no dispute that the Consulting Agreements are valid and enforceable contracts as between the Consultant Plaintiffs and Defendant Factory 14 as Defendants judicially admit that the Consulting Agreements are valid contracts.[58] Further, Defendants also admit that the Consultant Agreements attached to the Complaint are true and correct copies of such Agreements.[59]

---

precedent that has not been fulfilled, it can be precluded from taking that position during litigation. '[P]rovided the complaint includes a general averment that all conditions precedent to suit or recovery have been met, and the defendant does not deny the satisfaction of the preconditions specifically and with particularity...the defendant cannot later assert that a condition precedent has not been met.'") (quoting *Walton v. Nalco Chem. Co.*, 272 F. 3d 13, 21 (1s Cir. 2001) (internal quotation marks omitted); *Am. Bankers Ins. Co. Of Fla. v. Irricon*, 200 F. 3d 814, at *1 (5th Cir. 1999) (per curiam) (unpublished opinion).

[56] *Windhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 838 (Tex.App.–Dallas 2014, no pet.); *Hackberry Creek Club, Inc. v. Hackberry Homeowner's Ass'n*, 205 S.W.3d 46, 55 (Tex.App.–Dallas 2006, pet. denied).

[57] To prove an enforceable contract, the Consultant Plaintiffs are required to establish offer, acceptance, a mutual assent, execution and delivery of the Consulting Agreements, with the intent that it be mutual and binding, and finally, consideration (mutuality of obligations) supporting the Consulting Agreements. *Buxani v. Nussbaum*, 940 S.W.2d 350, 352 (Tex.App.–San Antonio 1997, writ denied).

[58] *See* ECF 47 at ¶ 132; *see also* ECF 48 at ¶ 132.

[59] *See* ECF 47 at ¶ 25; *see also* ECF 48 at ¶ 25.

Similarly, Defendant Razor stated under oath that it agreed to reimburse Consultant Plaintiffs for their Berlin Expenses.[60]

### 2. Consultant Plaintiffs Performed their Obligations Until its Performance was Excused.

47. Consultant Plaintiffs performed all conditions precedent and by failing to allege otherwise in their respective Answers, Defendants judicially admit that Consultant Plaintiffs performed the covenants and obligations required under the Consulting Agreements.[61] It is undisputed that the Consultant Plaintiff Digital expended funds in reliance upon Defendant Razor's agreement and representation that it would reimburse the expenses incurred due to the Berlin Business Trip, that Consultant Plaintiff Digital provided invoices and receipts in support of the expenses.[62] Accordingly, there is no genuine issue of material fact on this element of the breach of contract claims.

### 3. Defendants Breached the Licensing Agreement.

#### a. Defendants Breached the Consulting Agreements.

48. The Consulting Agreements required Defendants to undertake specific acts, and it failed to do so.

   i. <u>Factory 14 VII Failed to Pay the Consulting Fee under the Consulting Agreements</u>.

49. The Consulting Agreement required Defendants to pay Consultant Plaintiff Price

---

[60] *See* **Exhibit 9, APPX 239**, the Navarro Depo at 10:12-12:24.

[61] *See* fn. 55, *supra*.

[62] *See* the Brief at Section III(B), ¶¶38-43, *supra*.

a consulting fee of $8,333.34 each month (the "Consulting Fee").[63] Consultant Plaintiff Perkins was not paid the monthly Consulting Fee for February, 2023.[64] Consultant Plaintiff Digital was not paid the monthly Consulting Fee for February 2023.[65] ███████████████████████████

███ Defendants admit that an amount remains due and outstanding under the Consulting Agreements.[67] Factory 14 VII was required to pay all fees earned by the Consultant Plaintiffs up to and including the day the Agreement was terminated within fifteen days of such termination.[68] Consultant Plaintiff Digital (formerly Price) and Perkins sent a termination notice on February 17, 2023.[69] Under the terms of the Consulting Agreements, the termination became effective on February 28, 2023.[70] Defendants were required to pay the Consultant Plaintiffs all fees earned pursuant to Section 2.1 up to and including the day this Agreement terminated (prorated for partial months during the termination), within fifteen (15) days of the termination.[71] Because no such payment in the amount of the $8,333.34, for the Consulting Fee due to each Consultant Plaintiff for

---

[63] *See* the Brief at Section II, ¶¶17-19, *supra*.

[64] *See* the Brief at Section II, ¶30,32, *supra*.

[65] *See* the Brief at Section II, ¶30, 33, *supra*.

██ ████████████████████████

[67] *See* the Brief at Section II, ¶28, *supra*.

[68] *See* the Brief at Section II, ¶26, *supra*.

[69] *See* the Brief at Section II, ¶¶23-24, *supra*.

[70] *See* the Brief at Section II, ¶25, *supra*.

[71] *See* the Brief at Section II, ¶26, *supra*.

the month of February, 2023, Consultant Plaintiffs have established that no genuine issue of amterial fact as to a breach exists.

### b. Razor Failed to Reimburse the Berlin Expenses.

50. Consultant Plaintiff Digital had an agreement with Defendant Razor pursuant to which Defendant Razor would reimburse it for the Berlin Expenses, incurred for the Berlin Business Trip.[72] Despite Consultant Plaintiff Digital providing its invoices, receipts, and demanding reimbursement of the Berlin Expenses, the Berlin Expenses have not been reimbursed.[73] Defendant Razor admits that though it promised to reimburse such expenses, it has not done so to date.[74]

### 4. Damages were Incurred by the Consultant Plaintiffs as a Result of Factory 14 VII's Breaches.

51. Due to Defendants' breaches of the APA and Consulting Agreements, the Consultant Plaintiffs lost the benefit of the bargain.[75] Specifically, Consultant Plaintiff Perkins was damaged in the amount of $8,333.34 for the February, 2023 Consultant Fee due and owing by Defendants.[76] Similarly, Consultant Plaintiff Digital Consults was also damaged in the amount of $8,333.34 for the unpaid February, 2023, Consulting Fee.[77] In addition, Consultant Plaintiff Digital

---

[72] *See* the Brief at Section II, ¶¶38-43, *supra*.

[73] *See* the Brief at Section II, ¶¶38-43, *supra*.

[74] *See* the Brief at Section II, ¶¶38-43, *supra*.

[75] Consultant Plaintiffs assert additional breaches under the Consulting Agreements, but only move on these breaches at this time.

[76] *See* the Brief at Section II, ¶¶29-32, *supra*.

[77] *See* the Brief at Section II, ¶¶29-31 and 33, *supra*.

was so damaged in the amount of $3,200.49 for Defendant Razor's failure to reimburse the Berlin Expenses.[78]

52.     Out of an abundance of caution, Consultant Plaintiffs also request pre-judgment and post-judgment interest on their damages.[79] In addition, Consultant Plaintiffs expressly reserve the right to establish exemplary damages, in addition to the actual damages for the breaches identified here, as such evidence is fact intensive and not proper for summary judgment at this time.

### 5.  Consultant Plaintiffs are Entitled to Recover Attorney's Fees and Costs for Breach of the Licensing Agreement.

53.     Pursuant to *Texas Civil Practices & Remedies Code* §38.001, *et seq.*, Consultant Plaintiffs are entitled to recover their attorney's fees and costs incurred due to the breach of contract.[80] The Consulting Agreements are "Ancillary Agreements" to the APA.[81] Under Section 7.03 of the APA, Consultant Plaintiffs are entitled to recover "Losses," which expressly includes attorney's fees and costs.[82] Consultant Plaintiffs pled all conditions precedent have been met and Defendants did not plead the failure of a condition precedent.[83] Consultant Plaintiffs will file a

---

[78] *See* the Brief at Section II, ¶¶38-43, *supra*.

[79] *Meaux Surface Protection, Inc. v. Fogleman*, 607 F. 3d 161 (5th Cir. 2010).

[80] Tex.Civ.Prac. $ Rem. Code §38.001, *et seq.*

[81] *See* **Exhibit 1, APPX 003**, the APA at §1.02 (defining "Ancillary Agreements" to include the Consulting Agreements);

[82] *See* **Exhibit 1, APPX 003 and 032**, the APA at §§1.02 and 7.03.

[83] *See* fn. 55, *supra*.

Motion for Costs and Fees in accordance with Fed. R. Civ P. 54 upon the grant of the Motion.[84]

## VI. CONCLUSION

54. Consultant Plaintiffs have established that there is no genuine issue of material fact as to the following: (a) the Consulting Agreements are valid contracts between Consultant Plaintiffs and Factory 14 VII, (b) which Defendants breached by failing to pay the February, 2023, Consultant Fee, and (c) such breaches have caused Consultant Plaintiffs damages in the amount of $8,333.34, plus interest, each as to Consultant Plaintiff Digital and Consultant Plaintiff Perkins, respectively. Further, there is no genuine issue of fact that (a) Razor Group agreed to reimburse travel expenses of Consultant Plaintiffs for the Berlin Business Trip, (b) Consultant Plaintiff Digital provided an invoice and receipt for the Berlin Expenses to Razor totaling $3,200.49, (c) that dispite demand, such amounts remain unpaid. Thus, in addition to the $8,333.34 Consultant Fee due to Consultant Plaintiff Digital, Consultant Plaintiff Digital is also due $3,200.49 from Defendant Razor, plus interest. Finally, request is made for pre-judgment and post-judgment interest and also to allow Consultant Plaintiffs to move for attorney's fees and costs under Fed. R. Civ .P. 54 upon the grant of this Motion for Partial Summary Judgment.

## VI. PRAYER FOR RELIEF

WHEREFORE, Consultant Plaintiffs respectfully request that the Motion be, in all things, GRANTED, and, for such other and further relief at law or in equity to which the Consultant Plaintiffs may show themselves justly entitled.

---

[84]Fed. R. Civ. P. 54

Respectfully submitted,

SHEILS WINNUBST, PC

By:     */s/ Latrice E. Andrews*
        Mark D. Winnubst
        State Bar No. 21781200
        Latrice E. Andrews
        State Bar No. 24063984

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone: 972-644-8181
Facsimile:  972-644-8180
Email: mark@sheilswinnubst.com
E-mail: latrice@sheilswinnubst.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

On the 14th day of April, 2025, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and parties of record electronically or by another means authorized through Federal Rule of Civil Procedure 5(b)(2) and the Local Rules.

        */s/ Latrice E. Andrews*
        Latrice E. Andrews