IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IL VENTURES, LLC – A KETTLEBELL KING SERIES and CHAD PRICE, PRICE DIGITAL CONSULTANTS, LLC, JAY PERKINS and NEHEMIAH HEARD, Individuals, <br><br> Plaintiffs, <br><br> v. <br><br> FACTORY 14 UK ACQUISITION VI, LTD., FACTORY 14 UK ACQUISITION VII, LTD. And RAZOR GROUP GMBH, <br><br> Defendants. | Case No. 1:23-cv-00749-ML |

PLAINTIFFS' MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, IL VENTURES, LLC - A KETTLEBELL KING SERIES, along with CHAD PRICE, PRICE DIGITAL CONSULTANTS, LLC, JAY PERKINS and NEHEMIAH HEARD, Plaintiffs herein (hereinafter collectively referred to as "Plaintiffs"), and file this their Motion to Compel ("Motion")against Defendants, FACTORY 14 UK ACQUISITION VI LTD., FACTORY 14 UK ACQUISITION VII LTD., FACTORY 14 UK ACQUISITION S.A.R.L. and RAZOR GROUP GMBH, ("Defendants") as to the responses to Plaintiffs' Requests for Admissions, Requests for Production, and Interrogatories (collectively, "Plaintiffs' Discovery Requests") and Initial Disclosures ("Disclosures"). In support thereof, Plaintiffs respectfully show the court as follows:

## I. BACKGROUND

Plaintiffs seek specific, targeted information in Defendants' possession, custody, and control, to which Defendants have asserted unfounded objections. In general, the documents sought by Plaintiffs pertain to a GoogleDrive for the domain of kettlebellkings.com, lender communications and documents between Defendants and Victory Park Capital Advisors, LLC ("VPCA"), inventory planning and sales data, and financial information used for the calculation of both the contractual earn-out payment and Razor's EBITDA.

For example, the GoogleDrive of the domain kettlebellkings.com contains emails, communications, calendar invites, documents, internal communications and records between the parties and third parties regarding the subject of the case during the relevant period. Inventory Planner relates directly to the historical performance of the Kettlebell Kings brand and is centrally referenced throughout the pleadings. GoogleDrive contains he information regarding the Inventory Planner projections based upon the historical performance of the Kettlebell Kings brand and control of the GoogleDrive of kettlebellkings.com was transferred to Defendants at the closing of the APA. Defendants have failed to produce the content of the GoogleDrive, despite such content being responsive to Plaintiffs' requests and clearly in Defendants' possession, custody and control.

Further, Defendants' internal communications during the relevant period were regularly conducted through an app or program called Slack. Defendants created different threads in Slack, both including and removing individuals in communications as desired. Obviously many internal communications regarding relevant matters are contained within Slack. Nonetheless, despite

Plaintiffs' requests, Defendants have refused to produce any communications from Slack and have instead raised unfounded objections to the same.

In addition, Plaintiffs seek the email communications and documents between Defendants and VPCA, as such communications include the financial information of Razor Group generally, as well as asset level entities' financial information (i.e – the Factory 14 Entities). Of note, through third party discovery from VPCA, Plaintiffs have received documents provided to VPCA by Defendants that pertain to the financials of the Factory 14 Entities (the asset level entities). Despite assertions by Defendants in depositions that asset-level entity data was not maintained, such information was clearly provided by Defendants to their to lender, VPCA, throughout the years of the relevant period. According to VPCA, such documents were prepared by Defendants and sent to VPCA. Despite Plaintiffs having receiving some of such documents from VPCA through third party production, Defendants have wholly failed to produce any documents provided to VPCA nor any emails transmitting such documents to VPCA. Clearly documents and emails responsive to Plaintiff's requests and relevant to the claims and allegations in this lawsuit have not been produced by Defendants. Defendants have provided documents and information to their lender regarding revenue, the entities' annual performance relative to their respective financial covenants, financial limitations per lending documents, inventory purchasing limitations and other matters pertinent to Plaintiffs' claims. As such, Plaintiffs are entitled to the same documents and information and Defendants have no valid objection to producing such documents and information.

Moreover, Plaintiffs seek the raw financial and sales data from each of the Defendants, as well as the underlying invoices supporting the alleged expenses which Defendants' claim to deduct from

the gross revenue when calculating the Earn-Out Payment. None of such information has been provided and no valid objection exists to withhold such information.

## II.  APPENDIX

Defendants are on notice of the Appendix in Support of Plaintiffs' Motion to Compel (the "Appendix") filed under seal contemporaneously herewith and incorporated by reference as if fully set forth herein:

| Exhibit | Description | APPX |
|---|---|---|
| A | Defendants Responses FACTORY 14 UK ACQUISITION VI LTD., FACTORY 14 UK ACQUISITION VII LTD., FACTORY 14 UK ACQUISITION S.A.R.L. and RAZOR GROUP GMBH to Plaintiffs' First Set of Discovery Requests | APPX 001-028 |
| B | Defendant RAZOR GROUP GMBH's Responses to Plaintiffs First Set of Discovery Requests | APPX 029-056 |

## III.  MOTION TO COMPEL

Defendants have asserted frivolous objections, have refused to remove such frivolous objections despite conferences with counsel regarding the defective nature of the same, and refuse to produce documents and respond to questions central to Plaintiffs' case in order to facilitate judicial economy. At this juncture, Defendants must carry the burden of showing how each discovery request is not relevant or otherwise objectionable. *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Further, in response to a motion to compel, Defendants must urge and argue in support of objections to a request, and if not, the objection is waived. *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568

(D.Kan.2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D.Kan.1999). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D.Tex.2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D.Tex.2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

In their responses, Defendants asserted objections to almost every single request for production. *See* **Exhibit A** and **Exhibit B**. Each of the objections are without merit, none were properly made and request is made that the Court order that Defendants remove the same and fully respond to Plaintiffs' Discovery Requests. Plaintiffs seek several documents not received to date that are responsive to each of the Requests, but specifically are moving to compel the production of the following documents:

- Shopify Records;
- Inventory Planner Records;
- The emails, communications, documents contained with the kettlebellkings.com GoogleDrive;
- Communications via Slack;
- Communications and documents related to or by and between Victory Park Capital;
- The books and records relied upon to create the Earn Out Calculations; and,
- The EBIDTA of Razor.

Each category of documents is necessary to establish the damages in this case, as well as to provide evidence of the fraud (representations, misrepresentations, financial covenants, etc). They fall within several of the Requests for Production.

## IV. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask the Court to grant this motion, compel the amendments and supplementation of discovery responses as requested herein no later than June 15, 2025, and for all other relief to which Plaintiffs may be entitled at law or in equity.

        Respectfully Submitted,

        SHEILS WINNUBST
        A Professional Corporation

        By:    */s/ Latrice E. Andrews*
                Mark D. Winnubst
                State Bar No. 21781200
                Latrice E. Andrews
                State Bar No. 24063984

        1100 Atrium II
        1701 N. Collins Boulevard
        Richardson, Texas 75080
        Telephone: 972-644-8181
        Facsimile:  972-644-8180
        Email: mark@sheilswinnubst.com
        E-mail: latrice@sheilswinnubst.com

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs certifies that prior to the filing of this motion, counsel for Plaintiffs conferred with counsel for Defendants on several occasions via email and telephone conference, regarding the discovery deficiencies, but no agreement was reached. The parties have communicated regarding these issues but have not reached a resolution, and therefore the matter is submitted to the court for determination.

        */s/ Latrice E. Andrews*
        Latrice E. Andrews

## CERTIFICATE OF SERVICE

On the 16th day of May, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and parties of record electronically or by another means authorized through Federal Rule of Civil Procedure 5(b)(2) and Local Rule 7.2.

/s/ *Latrice E. Andrews*
Latrice E. Andrews