**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IL VENTURES, LLC – A KETTLEBELL KING SERIES, and CHAD PRICE, PRICE DIGITAL CONSULTANTS, LLC JAY PERKINS AND NEHEMIAH HEARD, individuals,** | § | |
| ***Plaintiffs,*** | § | **Case No. 1:23-cv-00749-ML** |
| **v.** | § | |
| **FACTORY 14 UK ACQUISITION VI LTD., FACTORY 14 UK ACQUISITION VII LTD., FACTORY 14 UK ACQUISITION S.A.R.L. and RAZOR GROUP GMBH,** | § | |
| ***Defendants.*** | § | |

**ORDER**

This matter was tried to bench on October 16, 20, 21, and 22, 2025.[1] The court issued its Findings of Fact and Conclusions of Law (Dkt. 126, "FFCL") and Final Judgment (Dkt. 127) on March 3, 2026. Plaintiffs asserted a myriad claims against Defendants, but the court found against Plaintiffs as to their claims for common law fraud, fraudulent inducement, fraud by omission, false endorsement under the Lanham Act, false advertising under the Lanham Act, unjust enrichment, quantum meruit, negligent performance of contract, and civil conspiracy. Dkt. 126. The court found in Plaintiffs' favor as to their breach of contract claims but did not award Plaintiffs the full amount of damages they had sought. Dkt. 126. The court also found in Plaintiffs' favor as to their

[1] In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the parties consented to having a United States Magistrate Judge preside over the trial in this case, and the case was transferred to the undersigned's docket. Dkts. 32, 33, 34.

declaratory judgment claim. Dkt. 126. Finally, the court found Plaintiffs had proven they were entitled to attorneys' fees related to their claim for breach of the Asset Purchase Agreement. Dkt. 126.

Now before the court are a slew of post-judgments motions from Plaintiffs: Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. 128), Plaintiffs' Bill of Costs (Dkt. 129), Plaintiffs' Motion to Amend Findings and Alter or Amend Judgment (Dkt. 133), Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 59(a)(1)(B) (Dkt. 134), and all related briefing. The court will address each motion in turn.

## I. PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS (DKT. 128)

Plaintiffs seek a total attorneys' fee award of $685,775.00 and costs of $3,043,460.83. Dkt. 128 at 4. The court will first address attorneys' fees and then address costs.

### A. Attorneys' Fees—Applicable Law

To secure an award of attorneys' fees from an opponent, the prevailing party must prove that: (1) recovery of attorneys' fees is legally authorized, and (2) the requested attorneys' fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process. FED. R. CIV. P. 54(d); LOC. R. CV-54(b)(2).

A determination of reasonable and necessary attorneys' fees is premised on the application of the lodestar method. Courts in the Fifth Circuit apply the lodestar method to calculate attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Id.* (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The

appropriate hourly rate is usually defined by the market rate in the community in which the district court sits and should reflect the prevailing market rates, not the rates that "lions at the bar may command." *Black*, 732 F.3d at 502 (citing *Smith & Fuller*, 685 F.3d at 490). Litigants seeking attorneys' fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment. *Black*, 732 F.3d at 502 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The lodestar amount is entitled to a strong presumption of reasonableness. *Black*, 732 F.3d at 502 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). There is a "strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors[2] set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black*, 732 F.3d at 502. Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted. *See id.*; *Jason D.W. v. Houston Indep. School Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The burden is on the party moving for attorneys' fees to establish that their requested fees are reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam).

[2] These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Black*, 732 F.3d at 502 n.7 (citing *Johnson*, 488 F.2d at 717-19).

**B. Attorneys' Fees—Analysis**

1. Legally Authorized

Under Texas Civil Practices and Remedies Code § 38.001, a party may recover attorneys' fees for a breach of contract claim. Defendants argued the Asset Purchase Agreement did not allow for the recovery of attorneys' fees, but the court previously found the APA did not bar the recovery of attorneys' fees. FFCL at 32-34. Accordingly, Plaintiffs may recover their attorneys' fees for their claims based on breach of the APA and the Consulting Agreements.

Plaintiffs seek a total attorneys' fee award of $685,775.00. Plaintiffs do not segregate their fees for their breach of contract claims from their other claims. Plaintiffs assert their breach claims are inextricably intertwined with their other claims and they should be allowed to recover all of their fees.

2. Hourly Rate

Generally, the "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Where abundant and uncontradicted evidence proves the necessity of turning to out-of-district counsel, the out-of-district counsel "home" rates should be considered as a starting point for calculating the lodestar amount. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 382 (5th Cir. 2011).

Plaintiffs' counsel requests hourly rates for counsel between $500.00 and $550.00 per hour and an hourly rate for paralegal work in the amount of $200.00 per hour. Dkt. 128 at 10. Defendants do not challenge these hourly rates. *See* Dkt. 128 n.11; Dkt. 135. In light of Defendants' concession that the rates are reasonable and the court's prior experience with attorneys' fees, the court finds these to be reasonable rates.

3. Hours Billed

Plaintiffs seek fees for 1,322.40 hours of work, beginning six months before suit was filed. Dkt. 128 at 9. Plaintiffs do not segregate the hours worked on the contract claims from their other claims and argue all of their claims are inextricably intertwined preventing segregation. Defendants disagree.

"[I]f any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006). "This standard does not require more precise proof for attorney's fees than for any other claims or expenses." *Id*. at 314. Attorneys are not required to keep separate time records for the claims asserted. *Id*. Instead, attorneys may offer an opinion stating that, for example, a certain percentage of their drafting time would have been necessary even if there had been no unrecoverable claim. *Id*.

"When a plaintiff's claims cannot be disentangled, the district court's focus should shift to the results obtained and adjust the lodestar accordingly." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 416 (5th Cir. 2022). "If a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*. at 418 (cleaned up). In reducing the fee award, the proper approach is "a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'" *Id*. (quoting *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002)).

Plaintiffs were the prevailing parties as to their claims for breach of the APA, breach of the Consulting Agreements, and for declaratory judgment. FFCL. However, they lost on their claims for common law fraud, fraudulent inducement, fraud by omission, false endorsement under the Lanham Act, false advertising under the Lanham Act, unjust enrichment, quantum meruit, negligent performance of contract, and civil conspiracy.

Plaintiffs' unjust enrichment and quantum meruit claims were intertwined with their breach claims, as they would have served as an alternative bases for relief had the court not found Razor was bound by the APA and the Consulting Agreements. FFCL at 57. Plaintiffs' declaratory judgment claim was based on Defendants' Consulting Agreement breach. FFCL at 34-36. Similarly, Plaintiffs' civil conspiracy and alter ego theories were in part related to their breach claims. FFCL at 60-61.

Plaintiffs' remaining claims are not so intertwined with their breach claims such that they may receive all of their attorneys' fees. Plaintiffs' fraud-based claims were based on—or should have been based on[3]—Defendants' intent when Defendants entered into the various contracts with Plaintiffs. FFCL at 36-50. The Lanham Act claims were based on Defendants' use of a video Plaintiffs made pursuant to their obligations under the Consulting Agreements. FFCL at 51-56. As the court has already explained, "[u]nder Texas law, no tort cause of action exists for negligent performance of a contract." FFCL at 59-60 (citing *Walker v. State Farm Lloyd's*, No. 3:03-CV-1514-R, 2004 WL 1462200 at *6 (N.D. Tex. June 28, 2004)).

[3] In their post-judgment motions, Plaintiffs continue to conflate breach of an agreement with fraudulent intent to not perform under the agreement.

Moreover, the APA only allows for recovery of "*reasonable* attorneys' fees."[4] FFCL at 32 (emphasis added) (citing APA § 1.02). Plaintiffs' non-contract claims were not reasonable. The court found *no* evidence supported Plaintiffs' allegations of fraud against Factory 14 or against Razor. FFCL at 37-50. Similarly, their Lanham Act claims failed for multiple reasons. FFCL at 51-56. The court's determinations on these claims were not close. And their negligent performance of a contract claim was legally frivolous. *See* FFCL at 59-60.

Further, Plaintiffs' positions during and after trial were not reasonable. Plaintiffs' damages model was wildly inflated. FFCL at 27, 31-32. At the end of the bench trial, the court announced its decision on each of Plaintiffs' claims and asked the parties to prepare findings of fact and conclusions of law on those aspects of the case that they had won. Rather than follow this instruction, Plaintiffs' submission had Plaintiffs winning on all their claims, despite the court's announced rulings. The court cannot find this time reasonably spent. Similarly, as discussed below, some of Plaintiffs' post-judgment motions are also frivolous and were not time reasonably spent.

Accordingly, the court finds Plaintiffs are not entitled to their full time billed as requested. However, it is impossible to disentangle recoverable time from non-recoverable time based on Plaintiffs' attorneys' billing statements. Accordingly, the court will reduce the hours billed pro rata by 50 percent. As Plaintiffs seek $685,775.00 in attorneys' fees, the court reduces this to $342,887.50.

4. *Johnson* factors

Plaintiffs argue no adjustment based on the *Johnson* factors is warranted. Defendants argue the damages recovered by Plaintiffs are disproportionate to the fees they now request. Plaintiffs

---

[4] Alternatively, Plaintiffs argue segregation is not required "because the provision of the APA that provides for the recovery of Losses to include attorney's fees does not require that such fees be 'necessary,' only reasonable." Dkt. 137 at 3.

counter that disproportion alone does not render a fee award excessive. *See Northwinds Abatement, Inc. v. Employers Ins. of Wasau*, 258 F. 3d 345, 354 (5th Cir. 2001) (applying Texas law and finding "[s]uch disproportion alone does not render the award of attorneys' fees excessive" where the fees were more than three times the trebled damages award).

The court awarded Plaintiffs $300,000 in Earn-Out Payments and $234,898.54 in invoice reimbursements under the APA, totaling $534,898.54. FFCL at 61-62. The court awarded Plaintiffs Price and Perkins $150,000.06 each in Consulting Fees under the Consulting Agreement. FFCL at 62. The court further awarded Price $3,200.49 for reimbursement of the Berlin Fees. FFCL at 62.

Having reduced the fee request by 50 percent to $342,887.50, the court finds no further adjustment is warranted by the *Johnson* factors.[5]

**C. Costs**

Plaintiffs seek costs of $3,043,460.83. This includes $287,460.83 for copies, printing, travel, expert fees, filing fees, services fees, depositions transcripts, witness fees, and related matters. This also includes a litigation funding fee of $2,756,000.00. Plaintiffs' entire motion briefing on costs is two short paragraphs and two footnotes:

> Defendants had no objection to the admission of Plaintiffs' exhibits on Attorney's Fees, Costs, and Expert Invoices, as such matter would be determined Post-Trial by agreement.[14] In accordance with the Findings of Fact and Conclusions of Law, under the APA and Rule 54, Plaintiffs are entitled to recover non-attorney expenses and nontaxable costs. *See* ECF 126. Defendants agreed to the admissibility of the exhibits in support of such costs, attorney's fees and expert fees. *See* ECF 106-1.
>
> Here, Petitioner seeks an award of costs in the amount of $3,043,460.83, which is inclusive of expert fees, costs for travel, filing fees, services fees, deposition fees, issuance, hotels, copies, research/document management in the amount of $287,460.83, and the litigation funding fee of $2,756,000.00 (Exhibit P-452 and P-454) under the APA, the Findings of Fact and the Conclusions of Law,

[5] Had the court not reduced the fee award by 50 percent, a further downward adjustment would have been warranted, especially considering the results obtained and the frivolous positions Plaintiffs took on some issues.

> and to the extent recoverable under Rule 54. *See* Exhibit P-454. Plaintiffs are not seeking a double recovery of the out-of-pocket expenses but have also submitted a Bill of Costs.[15] The records of these expenses are attached to the Winnubst Affidavit.
>
> [14] *See* ECF 106-1, Defendants' Objections to Plaintiffs' Exhibit List at P-452 Expert Invoices, P-453 Redacted Attorney's Fees Invoices of History Billing and P-454 Costs, citing no objection.
>
> [15] The Final Judgment does not expressly reference the award of attorney's fees and costs, but the Findings of Fact and Conclusions of Law find that Plaintiffs are entitled to recover their attorney's fees and costs. Accordingly, Plaintiffs intend to file a Motion to Amend the Findings and Motion to Amend the Judgment to account for this finding.

Dkt. 128 at 12-13.

Plaintiffs assert they are entitled to $3,043,460.83 in costs "under the APA, the Findings of Fact and the Conclusions of Law, and to the extent recoverable under Rule 54," Dkt. 128 at 13, but they made no such showing in their motion. They offered no argument for why such an amount would be allowable under the APA, the Findings of Fact and Conclusions of Law, or Rule 54. Accordingly, Plaintiffs' motion is denied.

To the extent that Plaintiffs attempt to make such arguments in their reply brief, "[a]rguments raised for the first time in a reply brief need not be considered." *Liedtke v. City of Austin*, __ F.4th __, No. 25-50717, 2026 WL 2225275, at *6 (5th Cir. Aug. 3, 2026) (citing cases at footnote 32); *Kinney v. Int'l Bus. Machines Corp.*, 557 F. Supp. 3d 823, 828 n.4 (W.D. Tex. 2021) (citing *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326 (5th Cir. 2008)); *United States ex rel. Hueseman v. Pro. Compounding Centers of Am., Inc.*, 664 F. Supp. 3d 722, 742 (W.D. Tex. 2023) ("the Court typically does not consider arguments raised for the first time in a reply brief or supplemental briefing"); *Parsons v. Sager*, No. 1:18-CV-1014-RP, 2019 WL 5243190, at *2 (W.D. Tex. Apr. 30, 2019) ("the court can decline to consider an argument raised for the first time in a reply brief"). "[W]hen a party raises new arguments or evidence for the first time in a reply, the

district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (citing *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022)). The Austin Division is overwhelmed with cases, and the undersigned has neither the time nor the inclination to ask for further briefing in this case because Plaintiffs failed to make *necessary* arguments in their motion. W.D. Tex. LOC. R. CV-7(c) ("Any legal authority in support of a motion must be cited in the motion.").

## II. PLAINTIFFS' BILL OF COSTS (DKT. 129)

In their Bill of Costs, Plaintiffs seek $424 in court fees, $2,229 for transcripts, $10,869.58 for copies, and $11,690.05 in "other costs," totaling $25,212.63 in fees. Dkt. 129. Defendants did not object to the Bill of Costs. *See* W.D. TEX. LOC. R. CV-54.

The court may only award costs permitted by statute. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("We hold that absent explicit statutory or contractual authorization . . . federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). The court's discretion in taxing costs against an unsuccessful litigant is limited to the following recoverable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *See Crawford Fitting Co.*, 482 U.S. at 441–42; *Coats v.*

*Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). "The prevailing party bears the burden to demonstrate the necessity of costs and reasonableness of the amount it seeks to recover." *Clouse v. S. Methodist Univ.*, 170 F.4th 367, 373 (5th Cir. 2026).

Although the Bill of Costs form instructs the filer to "[a]ttach to your bill an itemization and documentation for requested costs in all categories," Plaintiffs merely wrote underneath that instruction "See Exhibits A-5 of the Motion for Attorney's Fees and Costs on File [ECF 128-1]; ECF 126 – costs." Dkt. 129. Exhibit A-5 to the Attorneys' Fees Motion are the "Expert Invoices." *See* Dkt. 128-1 at 39-82. These "Expert Invoices" are approximately 40 pages of invoices related to Plaintiffs' work with Janik Forensics PC. *Id*. The second page of the Bill of Costs form, for Witness Fees, was left bank except for $0.00 total costs. Dkt. 129 at 2.

The court denies these costs because Plaintiffs failed to "[a]ttach to [their] bill an itemization and documentation for requested costs in all categories" such that the court can determine whether the requested costs are recoverable under 28 U.S.C. § 1821. Plaintiffs' "Expert Invoices" are entirely unhelpful. The court cannot discern from the pages what specific costs Plaintiffs are seeking to recover.

As with their requests for costs in their attorneys' fees motion, Plaintiffs' attorneys failed to do what was necessarily required of them to recover the amounts they seek. *See Clouse*, 170 F.4th at 373 ("The prevailing party bears the burden to demonstrate the necessity of costs and reasonableness of the amount it seeks to recover."). The undersigned does not work for Plaintiffs' attorneys, and it is not the undersigned's responsibility to do Plaintiffs' attorneys' work for them.

## III. PLAINTIFFS' MOTION TO AMEND FINDINGS AND ALTER OR AMEND JUDGMENT (DKT. 133)

Following trial, the court found against Plaintiffs on most of their claims and damages. Plaintiffs ask the court to amend its Findings of Facts and Conclusions of Law to reverse itself in Plaintiffs' favor. The court declines.

Plaintiffs also ask the court to amend its Final Judgment to include the award of attorneys' fees with interest. As the court had not determined the award of attorneys' fees, it was not included in the original final judgment. The court will issue an Amended Final Judgment to include that award.

Plaintiffs also ask the court to specify that the prejudgment interest rate is 7.5%. Dkt. 133 at 15. Defendants argue the court should apply a rate of 6.75%—Texas's post-judgment interest rate as of April 2026 (when Defendants filed their response). Dkt. 138 at 11. Plaintiffs cited no basis for the requested 7.5%, accordingly the court sets the prejudgment interest rate using Texas's post-judgment rate as of August 2026, which remains at 6.75%.[6]

## IV. PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 59(A)(1)(B) (DKT. 134)

Plaintiffs seek a new trial on damages.

> Plaintiffs request this Court order a new trial on the issue of damages. Plaintiffs assert that there was a settled expectation that the issue of attorney's fees and costs was to be determined based upon the MSJ briefing and Exhibits regarding costs, expenses, and attorney's fees that were admitted into evidence without objection. To the extent that Defendants are now seeking to change the terms because their briefing on the recovery of attorney's fees and costs was unsuccessful would allow a manifest injustice to occur. Accordingly, should the court determine that the attorney's fees and costs that the parties agreed to be an issue determined based upon the briefing and the amounts determined post-trial, and for which the exhibits supporting the costs, expenses, and attorney's fees were already admitted into evidence without objection, would be prejudicial and fundamentally unfair.
>
> Moreover, the new evidence related to the Agreed Judgment showing that a brand that performed below TribeWOD was to be paid by certain defendants $1.8

[6] Federal post-judgment interest is set by statute. *See* 28 U.S.C. § 1961.

> million is new evidence not available at trial that Plaintiffs believe would provide a new light on the appropriate measure of damages in this case.

Dkt. 134 at 1-2.

Plaintiffs had a full and fair opportunity at trial to present their case. They called three witnesses. The court found Mr. Price to be a very compelling witness and was impressed by the business he and his co-founders built. However, Plaintiffs' damages expert was not nearly as convincing, and Plaintiffs' damages model was premised on how Plaintiffs would have run the company if they had not sold it and if everything had gone absolutely right for them. But they did sell their company, which was then sold again, and the e-commerce fitness industry drastically changed from its pandemic peak.

TribeWOD's achievement of a larger settlement amount in another case does not entitle Plaintiffs to a do-over on damages. Defendants' opposition to Plaintiffs' position on attorneys' fees and costs also does not entitle Plaintiffs to a new trial on damages. The parties agreed to submit the fee issue on the papers. That does not mean that Defendants agreed Plaintiffs would be allowed to recover whatever amounts Plaintiffs sought. Throughout these post-trial motions, Plaintiffs have argued that Exhibits P-452, P-453, and P-454—documenting Plaintiffs' attorneys' fees and costs—were submitted without objection, citing their trial exhibit lists. But these exhibits were submitted post-trial, in the briefing that is now before the court. Defendants' lack of objection *at trial before the exhibits were even created* does not preclude Defendants from arguing against them now. This is yet another unreasonable position by Plaintiffs.

Plaintiffs' motion is denied.

## V. CONCLUSION

For the reasons stated above, the court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. 128), **DENIES** Plaintiffs' Bill of Costs (Dkt. 129),

**GRANTS in part and DENIES in part** Plaintiffs' Motion to Amend Findings and Alter or Amend Judgment (Dkt. 133), and **DENIES** Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 59(a)(1)(B) (Dkt. 134). The court will issue an amended final judgment awarding Plaintiffs $342,887.50 in attorneys' fees and setting the prejudgment interest rate.

All other requested relief is **DENIED**.

**SIGNED** on August 21, 2026.

MARK LANE
UNITED STATES MAGISTRATE JUDGE