**To justIN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IL VENTURES, LLC – A KETTLEBELL KING SERIES, CHAD PRICE, PRICE DIGITAL CONSULTANTS, LLC JAY PERKINS and NEHEMIAH HEARD,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **A-23-CV-749-ML** |
| | § | |
| **FACTORY 14 UK ACQUISITION VI LTD., FACTORY 14 UK ACQUISITION VII LTD., FACTORY 14 UK ACQUISITION S.A.R.L. AND RAZOR GROUP GMBH,** | § | |
| **Defendants.** | § | |

## ORDER

Before the court is Plaintiffs IL Ventures LLC – A Kettlebell King Series ("IL Ventures"), Chad Price, Price Digital Consultants, LLC, Jay Perkins, and Nehemiah Heard's (collectively, "Plaintiffs") Expedited Motion for Writ of Attachment and Brief in Support (Dkt. 141).[1] Defendants Factory 14 UK Acquisition VI Ltd. ("Factory VI"), Factory 14 UK Acquisition VII Ltd. ("Factory VII"), Factory 14 UK Acquisition S.à.r.l. ("SARL"), and Razor Group GmbH ("Razor" and collectively, "Defendants") responded to Plaintiffs' Motion, *see* Dkt. 145, and filed exhibits to their Response under seal, Dkt. 146. Plaintiffs did not favor the court with a reply brief. After considering the briefing and relevant case law, the undersigned finds as follows.

### I. BACKGROUND

On March 3, 2026, the court entered a Final Judgment in this case. Dkt. 127. The court awarded Plaintiffs damages related to Plaintiffs' breach of contract claim (the "Judgment") and

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to have the undersigned conduct all proceedings in this case, including the entry of judgment, and this case was transferred to the undersigned for all proceedings. Dkts. 32, 33, 34.

ordered that Plaintiffs take nothing on their remaining claims. *Id.* On March 31, 2026, Plaintiffs filed their Motion to Amend Findings and Alter or Amend Judgment (Dkt. 133) and Motion for a New Trial on Damages (Dkt. 134). These motions are not addressed in this order.

In the instant Motion, Plaintiffs, as judgment-creditors, seek a post-judgment writ of attachment to seize the property of Razor, its subsidiaries, alter egos, and affiliates in an amount no less than $538,099.15 to secure their Judgment. Dkt. 141 at 14. Plaintiffs allege that Defendants are intentionally hindering, delaying, and defrauding their creditors by transferring and intermingling assets. Plaintiffs rely on filings in an unrelated lawsuit (the "Tribe WOD Lawsuit") filed in the District of Massachusetts against Razor, a non-party Razor entity (Razor Group USA LLC), and a non-party Factory 14 entity (Factory 14 UK Acquisition IV Ltd.) to support their claim that Razor, and Defendants generally, will not pay the judgment in this lawsuit. Dkt. 141 ¶ 4; *see Garage Sweat LLC f/k/a Tribe WOD LLC v. Factory 14 UK Acquisition IV Ltd.*, No. 1:23-cv-12155-MJJ (D. Mass. Sep. 21, 2023). Plaintiffs argue Defendants have undertaken several actions since trial that raise serious concerns that Defendants' assets will be transferred or subjected to liens placed solely with the intent to hinder, delay, and defraud their creditors, including Plaintiffs. Dkt. 141 ¶ 3. Defendants responded, arguing that Plaintiffs fail to establish both the necessity for a writ of attachment and Plaintiffs' ability to attach assets belonging to non-parties to the suit. Dkt. 145.

## II. Standard of Review

Under Federal Rule of Civil Procedure 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," including "attachment." Fed. R. Civ. P. 64.

Rule 69 provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69.

In Texas, a writ of attachment is available to a plaintiff if (1) the defendant is justly indebted to plaintiff; (2) the attachment is not sought for purpose of injuring or harassing defendant; (3) the plaintiff will probably lose his debt unless the writ of attachment is issued; and (4) specific grounds for the writ exist under Section 61.002. TEX. CIV. PRAC. REM. CODE § 61.001. The plaintiff shall support its application for a writ of attachment "by affidavits of the plaintiff, his agent, his attorney, or other persons having knowledge of relevant facts." TEX. R. CIV. P. 592. The plaintiff's application must also "comply with all statutory requirements and shall state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court." *Id.*; *see also* TEX. CIV. PRAC. REM. CODE § 61.022 (laying out the requirements for the required affidavit).

## III. ANALYSIS

Defendants oppose Plaintiffs' Motion on two primary grounds. Dkt. 145 at 1-2. First, Defendants argue that Plaintiffs impermissibly seek to attach property owned by third parties and entities who are not parties to this action. *Id.* Second, Defendants argue that Plaintiffs fail to present any evidence to support that Defendants have taken actions to defraud Plaintiffs, avoid paying the judgment, or that Plaintiffs will lose their debt in the absence of a writ of attachment. *Id.* at 2. The court begins with Defendants' second argument as it is potentially dispositive of the entire motion.

It is undisputed that Plaintiffs have a judgment against Defendants in the amount of at least $538,099.15. *See* Dkt. 127; Dkt. 141 at 11-12. Furthermore, Defendants do not oppose Plaintiffs' assertion that attachment is not sought for the purpose of injuring or harassing Defendants. *See*

Dkt. 145 at 4-18; *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114 (5th Cir. 2010) (finding that failure to respond to an argument effectively waives the nonmoving party's right to submit argument on that point). Accordingly, the elements required to issue a writ of attachment that are in dispute are whether Plaintiffs will (3) probably lose their debt unless the writ of attachment is issued and (4) the specific grounds for the writ under Section 61.002.

Plaintiffs argue they will lose their debt without the issuance of a writ because Defendants are transferring and hiding assets, as evidenced by Defendants filing two charges with the UK Companies House, creating further debts and liabilities; Defendants failing to disclose that a new company became the parent company of the Factory 14 entities; and Razor and another Factory 14 entity's alleged failure to pay the judgment in the Tribe WOD Lawsuit. Dkt. 141 at 8-9. Plaintiffs further argue that the following categories of Section 61.002 are met:

> 1. the defendant is not a resident of this state or is a foreign corporation or is acting as such; . . .
>
> 4. the defendant has hidden or is about to hide his property for the purpose of defrauding his creditors; . . .
>
> 7. the defendant has disposed of or is about to dispose of all or part of his property with the intent to defraud his creditors; [and]
>
> 8. the defendant is about to convert all or part of his property into money for the purpose of placing it beyond the reach of his creditors[.]

TEX. CIV. PRAC. & REM. CODE § 61.002(1), (4), (7), (8). Plaintiffs argue the latter three grounds are established for substantially similar reasons, i.e., Defendants' hiding, transferring, and encumbering assets to avoid paying the Judgment. Dkt. 141 at 10-11. Specifically, Plaintiffs argue (1) Factory VII's failure to timely file financials with the UK Companies House, (2) the Kettlebell Kings brand being transferred to RGA Ben, LLC, and (3) Defendants' failure to disclose changes to the corporate structure of Defendants support these specific grounds for attachment. *Id.* at 10-11.

Defendants first argue that Plaintiffs' arguments related to the Tribe WOD lawsuit are unfounded because they rely on inadmissible hearsay. Dkt. 145 at 14. A district court may take judicial notice of filings in related litigation. *In re Royce Homes LP*, 466 B.R. 81, 86 (S.D. Tex. 2012). However, even though a court may take judicial notice of the existence of documents in a related case, there is a crucial distinction between judicial notice of existence and taking judicial notice of the truth or falsity of the contents of any such documents. *In re James*, 300 B.R. 890, 895 (Bankr. W.D. Tex. 2003) ("Thus, the fact that documents in the record are genuine does not mean that courts can automatically accept as true the facts contained in such documents because other objections, such as hearsay, may prevent their introduction into evidence."); *see also Dartez v. Owens-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990) (finding that admission of post-trial briefs from a different case was reversible error). Plaintiffs rely on the Tribe WOD plaintiffs' Motion to Compel Responses and Production of Documents to Post-Judgment Discovery Requests, and For Sanctions, *Tribe WOD*, No. 1:23-cv-12155-MJJ, Dkt. 79, to support Plaintiffs' assertion that Defendants in the instant suit will not respond to post-judgment discovery or pay the Judgment. Dkt. 141 at 9. However, Plaintiffs did not respond to Defendants' arguments or argue that any hearsay exceptions apply in this instance, and the lawsuits share only one common party: Razor Group GMBH. Moreover, Plaintiffs do not argue that Defendants have failed to respond to any post-judgment discovery in the instant suit, nor do Plaintiffs assert that any post-judgment discovery requests have been served. Accordingly, the court finds Plaintiffs' arguments regarding the Tribe WOD defendants to be unavailing.

Next, while it is undisputed that Defendants are foreign corporations, *see* Dkt. 145 at 15, Defendants do oppose Plaintiffs' other arguments regarding Defendants hiding, transferring, or encumbering assets. Defendants argue that Plaintiffs fail to show how Factory VII's failure to

timely file financial records is evidence that Defendants are hiding assets to defraud Plaintiffs. Furthermore, in their motion, Plaintiffs merely state "Plaintiffs have shown that Defendants are avoiding the filing of the Factory 14 VII financials" without explaining how such fact constitutes intent to defraud or citing case law in support of their argument. Dkt. 141 at 10.

Plaintiffs further offer that the Kettlebell Kings brand has been transferred to RGA Ben, LLC as support that Defendants are disposing of or converting their property with the intent to defraud their creditors. *Id.* at 10; Dkt. 141, Ex. A-4 (Walmart Website Screenshot). However, Plaintiffs do not identify when the website was accessed or whether the screenshot fairly and accurately reflects what the person viewed on the website but only make a boilerplate statement as to its correctness. *See* Dkt. 141, Ex. A (Andrews Decl.) ("Attached hereto as Exhibit A-4 to this Affidavit is a true and correct copy of a screenshot of the RGA Ben, LLC - Walmart Website."). On the other hand, Defendants assert Factory VII continues to own the intellectual property and assets associated with the Kettlebell Kings Brand. Dkt. 146, Ex. A (Meiner Decl.) ¶ 23 (sealed). Accordingly, Plaintiffs have failed to demonstrate that Factory VII has transferred this asset, let alone done so with the intent to defraud Plaintiffs.

Finally, Plaintiffs argue Defendants' failure to disclose a corporate restructuring involving Infinite Commerce Holdings, LLC supports a finding of Defendants' intent to defraud Plaintiffs. However, Razor and Infinite Commerce's merger was made publicly available two months before trial. Dkt. 145 at 17; *Razor Group and Infinite Commerce Merge to Form the Leading Consolidator in the FBA Aggregator Space*, PR NEWSWIRE (Aug. 28, 2025, at 6:00 ET), https://www.prnewswire.com/news-releases/razor-group-and-infinite-commerce-merge-to-form-the-leading-consolidator-in-the-fba-aggregator-space-302540500.html.

Additionally, any movant applying for a writ of attachment is required to file an affidavit with the court stating "(1) general grounds for issuance under Sections 61.001 (General Grounds) (1), (2), and (3); (2) the amount of the demand; and (3) specific grounds for issuance under Section 61.002 (Specific Grounds)." TEX. CIV. PRAC. & REM. CODE § 61.022. Plaintiffs include a Declaration in Support of Plaintiffs' Motion on Expedited Basis for Order for Pre-Judgment Writ of Attachment by Plaintiff Chadwick T. Price with their Motion. Dkt. 141, Ex. B (Price Decl.). After establishing his connection to the litigation, Price's Declaration consists of the following paragraph:

> I, nor any of the other Plaintiffs, seek the writ for harassment, but solely to ensure the ability to collect the Judgment before further encumbrances, transfers, liens, mergers, and transactions are undertaken to hinder, delay or defraud collection. Defendants have transferred assets during and after the Final Judgment was entered in this case.

*Id.* ¶ 3. Setting aside Price's conclusory statement regarding the writ not being sought for the purposes of harassment and his failure to address Defendants' indebtedness to Plaintiffs or the amount of the demand, Price's Declaration is woefully inadequate with respect to stating that Plaintiffs will probably lose their debt without a writ of attachment and the specific grounds for attachment. Thus, the undersigned finds Price's Declaration insufficient to comply with the requirements of Section 61.022.

Finally, as of the filing of their motion, Plaintiffs had not served post-judgment discovery requests, as provided for by Federal Rule of Civil Procedure 69(a)(2). Dkt. 145 at 3; *see also* Dkt. 141 ¶ 12 (relying on post-judgment discovery in the Tribe WOD lawsuit but none in the instant lawsuit). Considering the extreme remedy of granting a writ of attachment, the undersigned finds that Plaintiffs' Motion is insufficiently supported and prematurely seeks to attach funds before attempting to discover, via Rule 69, where Defendants' assets are.

Because the undersigned finds that Plaintiffs failed to justify the need for a writ of attachment at this time, the undersigned does not reach the parties' additional arguments regarding the feasibility of attaching assets owned by non-parties to the suit.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Expedited Motion for Writ of Attachment and Brief in Support (Dkt. 141) is **DENIED**.

SIGNED August 21, 2026.

MARK LANE
UNITED STATES MAGISTRATE JUDGE